## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BROTHERHOOD OF MAINTENANCE ) <br> OF WAY EMPLOYEES DIVISION/IBT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BNSF RAILWAY COMPANY, ) <br> ) <br> Respondent. ) | Case No. 11-cv-8211 <br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Brotherhood of Maintenance of Way Employees Division (the "Union") petitioned for an order enforcing an arbitration award issued by the National Railroad Adjustment Board (the "Board") regarding a dispute between the Union and BNSF Railway Company ("BNSF"). Before the Court are BNSF's motion [9] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, to remand to the Board and the Union's motion [19] for leave to file a sur-reply. For the reasons stated below, BNSF's motion [9] is granted, and the case is remanded to the Board. The Union's motion [19] is denied as moot.

**I.     Background**[1]

In early 2008, BNSF dismissed maintenance of way employee Jason Johnston after an internal investigation revealed that he had violated time-reporting rules. The Union filed a grievance on Johnston's behalf, arguing that discharge was improper under the applicable collective bargaining agreement ("CBA"). For a remedy, the Union asserted (in pertinent part) that Johnston should "be reinstated immediately to the service of [BNSF], with seniority

---
[1] For purposes of the 12(b)(1) motion, the Court assumes as true all well-pleaded allegations set forth in the petition. See, *e.g.*, *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

unimpaired and * * * made whole for any and all losses incurred." Rule 40G of the CBA states that, if an employee is found to be unjustly disciplined, "[h]e shall be reinstated with his seniority rights unimpaired and be compensated for wage loss, if any, suffered by him."

The parties were unable to resolve the grievance, so it was referred to the Board. On August 23, 2011, the Board concluded that there was not "substantial evidence in the record to uphold [BNSF's] position in whole." Accordingly, it held that "the discipline must be reduced to a 12-month suspension subject to a Last Chance Order." The Board ordered "that an award favorable to [the Union] be made" and that BNSF "make the Award effective on or before 30 days following the postmark date the Award is transmitted to the parties." BNSF received the award by e-mail on August 29, 2011.

The parties disagree on what happened next, with each side accusing the other of dragging its feet. The Union asserts that BNSF did not even begin its processes for returning Johnston to work until late September; as a result, he was first able to return to work on October 24. The Union also maintains that BNSF has refused to compensate Johnston for his losses in excess of the 12-month suspension. BNSF, on the other hand, asserts that Johnston failed to timely respond to correspondence concerning his reinstatement and stated that he was unable to return to work before October 24. BNSF also maintains that Johnston refused to provide the necessary paperwork to calculate his back-pay.

On November 17, 2011, the Union filed this petition for enforcement of the Board's award. BNSF responded with a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to remand to the Board for interpretation.

## II. Legal Standards

Federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). The burden of establishing that a district court has proper jurisdiction lies with the plaintiff. *Id*. A defendant arguing that a plaintiff has not met this burden may move for dismissal under Federal Rule of Civil Procedure 12(b)(1). When reviewing a 12(b)(1) motion, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (internal quotation omitted).

## III. Analysis

The only issue before the Court is how this dispute should be characterized under the Railway Labor Act (the "Act"), 45 U.S.C. § 151 *et seq*. The Act provides federal courts with jurisdiction "to enforce or set aside" the Board's order. *Id.* at § 153 First (p). But because the Act provides mandatory administrative grievance procedures and remedies for "minor disputes," federal courts have no subject matter jurisdiction over such claims. *Jackson v. Consol. Rail Corp.*, 717 F.2d 1045, 1057 (7th Cir. 1983).

"Minor disputes" concern the "interpretation or application" of labor agreements. 45 U.S.C. § 153 First (i). Specifically, the Supreme Court has held that a "dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining agreement." *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 303-04 (1989) ("*Conrail*"). "[D]isagreement about the meaning of an award amounts to disagreement about the meaning of the underlying collective bargaining agreement" and is therefore a "minor dispute." *Bhd. of*

3

*Maint. of Way Employees v. Burlington N. R.R. Co.*, 24 F.3d 937, 938 (7th Cir. 1994). But if it is unclear whether the dispute should begin anew, the proper course is to remand the case to the Board. See *Bhd. Ry. Carmen Div. v. Atchison, Topeka & Santa Fe Ry. Co.*, 956 F.2d 156, 160-61 (7th Cir. 1992) ("*Atchison*").

Here, the Union argues that the Board's award was unambiguous and that BNSF clearly did not comply with its directives; thus, all the Court need do is enforce the award. BNSF, on the other hand, argues that the award needs to be interpreted; thus, the Court must dismiss the case or remand it to the Board.

To repeat, in its grievance, the Union asked that Johnston be "reinstated immediately * * * and * * * made whole for any and all losses incurred." The Board found that "the discipline must be reduced to a 12-month suspension subject to a Last Chance Order." The Board ordered "that an award favorable to [the Union] be made" and that BNSF "make the Award effective on or before 30 days following the postmark date the Award is transmitted to the parties."

BNSF first asserts that the Board's "make effective" language is ambiguous. Specifically, BNSF maintains that it arguably complied with the Board's order by beginning the return-to-work process within 30 days of receipt of the award and by completing the process in a timely manner. The Court agrees that BNSF's position is at least arguable under the language of the award. That is, it is reasonable to assume that the Board's directive to "make the Award effective on or before 30 days" still permitted some flexibility and required Johnston to comply with reasonable requests to process his reinstatement.[2] Whether Johnston's actions actually

---

[2] The Union takes issue with BNSF's evidence regarding Johnston's actions, contending that its employee affidavits were not based on personal knowledge and are therefore hearsay. The Union also has filed a motion for leave to file a sur-reply on this issue. However, even discounting the portions of the

4

justified the delay is for another body to sort out. For now, it is sufficient that BNSF has an arguable basis for its position. *Conrail*, 491 U.S. at 303-04.

BNSF also asserts that the Board's "make whole" language is ambiguous. Specifically, BNSF contends that it is arguably entitled to deduct compensation received by Johnston from outside sources during the period between termination and reinstatement and points to Board interpretations consistent with this contention. Again, the Court agrees that BNSF's position is at least arguable under the language of the award. That is, the phrase "any and all *losses*" could reasonably exclude other compensation, especially as the Board has previously interpreted similar language in this way.

BNSF therefore has demonstrated that the award cannot be enforced as the Union requests. The only remaining question is whether to dismiss the case or remand it to the Board. As set forth above, the dispute appears to center on the language of the award. The Court will therefore remand the case. Should the Board disagree, it can instruct the Union to file a new grievance. See *Atchison*, 956 F.2d at 160-61.

---

declarations to which the Union objects, the Court still finds that BNSF has an arguable basis for its position. For this reason, the Union's motion is moot.

**IV.	Conclusion**

For the foregoing reasons, Respondent's motion [9] is granted, and the case is remanded to the National Railroad Adjustment Board.  Petitioner's motion [19] for leave to file a sur-reply is denied as moot.

Dated:  June 11, 2012	_____
	Robert M. Dow, Jr.
	United States District Judge